ALAN R. SMITH, ESQ. #1449
HOLLY E. ESTES, ESQ. #11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

Counsel for Chapter 7 Trustee

*ELECTRONICALLY FILED*
*March 11, 2015*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>ALFRED J.R. VILLALOBOS,<br><br>☐ Affects this Debtor<br>■ Affects all Debtors<br>☐ Affects Arvco Capital Research, LLC<br>☐ Affects Arvco Financial Ventures, LLC<br>☐ Affects Arvco Art, LLC<br><br>                    Debtor.<br>_____/<br><br>CHRISTINA LOVATO, in her capacity as the CHAPTER 7 TRUSTEE for the Substantively Consolidated Cases of ALFRED J.R. VILLALOBOS, ARVCO CAPITAL RESEARCH, LLC, ARVCO FINANCIAL VENTURES, LLC, and ARVCO ART, LLC,<br><br>                    Plaintiff,<br><br>     vs.<br><br>THE VILLALOBOS LIFE INSURANCE TRUST; DANIEL E. APODACA AS TRUSTEE FOR THE VILLALOBOS LIFE INSURANCE TRUST; VFT, INCORPORATED, a Nevada Corporation; J.MICHAEL RONEY; J. MICHAEL RONEY INSURANCE SERVICES INC., a California Corporation; ERIC WILLIAM VILLALOBOS; JESSICA KINLEY RAE VILLALOBOS; ADRIANA IVETTE VILLALOBOS; CARRISSA DOLORES VILLALOBOS; ALFRED JAMES VILLALOBOS; ADRIANA OSORIO | Case No. BK-N-10-52248-GWZ<br>Chapter 7<br>Substantively Consolidated with:<br><br>10-52249 Arvco Capital Research, LLC<br>10-52251 Arvco Financial Ventures, LLC<br>10-52252 Arvco Art, Inc.<br><br>Adv. No._____<br><br>**COMPLAINT FOR:**<br><br>1. **AVOIDANCE OF POST-PETITION TRANSFER OF PROPERTY OF THE ESTATE**<br><br>2. **LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER**<br><br>3. **AUTOMATIC PRESERVATION OF AVOIDED TRANSFER**<br><br>4. **TURNOVER OF PROPERTY OF THE ESTATE**<br><br>5. **INJUNCTIVE RELIEF**<br><br>6. **DECLARATORY RELIEF** |

**Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579**

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 hee.wpd

|   |   |
|---|---|
| 1 | VILLALOBOS as parent and guardian of EMILIANO FRANCISCO |
| 2 | VILLALOBOS; ADRIANA OSORIO VILLALOBOS as parent and guardian of |
| 3 | CHRISTIAN DANIEL VILLALOBOS; JESSICA KINLEY RAE VILLALOBOS |
| 4 | as parent and guardian of ALYSSA RAE VILLALOBOS; DANIEL E. APODACA; |
| 5 | and APODACA & COMPANY, |
| 6 | Defendants. |
| 7 | _____/ |

CHRISTINA LOVATO, the Plaintiff herein and the duly appointed Chapter 7 Trustee (the "Chapter 7 Trustee" or "Plaintiff") for the substantively consolidated cases of Alfred J.R. Villalobos, Arvco Capital Research, LLC, Arvco Financial Ventures, LLC and Arvco Art, Inc., hereby alleges as follows:

**Nature of the Action**

1.  This is an action against Defendants seeking (a) avoidance of post-petition transfer of property of the bankruptcy estate pursuant to 11 U.S.C. §549, (b) liability of transferee of avoided transfer pursuant to 11 U.S.C. §550, (c) automatic preservation of avoided transfer pursuant to 11 U.S.C. §551, (d) turnover of property of the estate pursuant to 11 U.S.C. §542, (e) injunctive relief, and (f) declaratory relief.

**Jurisdiction and Venue**

2.  On June 9, 2010 (the "Petition Date"), Alfred J.R. Villalobos, Arvco Capital Research, LLC, Arvco Financial Ventures, LLC and Arvco Art, Inc. (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada.

3.  This Court has jurisdiction over the parties and the claims set forth in this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334.

4.  This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.  On April 29, 2014, the Court appointed a Chapter 11 Trustee. On May 9,

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115-hee.wpd

2

1  2014, Christina Lovato, accepted the appointment as the Chapter 11 Trustee.

2      6.      On December 19, 2014 the Court converted the Bankruptcy Case to one

3  under Chapter 7. Christina Lovato was appointed as the Chapter 7 Trustee.

4      7.      On December 22, 2014, the Bankruptcy Court entered its Order Approving

5  Motion For Substantive Consolidation Of Cases. That order substantively consolidated

6  the cases of Alfred J.R. Villalobos ("Villalobos"), Arvco Capital Research, LLC ("Arvco

7  Capital"), Arvco Financial Ventures, LLC and Arvco Art, Inc., under In re Villalobos,

8  Bankr. Case No. 3:10-bk-52248-GWZ.

9      8.      This adversary proceeding arises in the substantively consolidated cases of

10 *In re Alfred J.R. Villalobos*, Bankr. Case No. 3:10-BK-52248-GWZ and *In re Arvco*

11 *Capital Research, LLC*, Bankr. Case No. 3:10-BK-52249-GWZ pending in the United

12 States Bankruptcy Court, District of Nevada (the "Bankruptcy Case").

13     9.      This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C),

14 (E) and (O). Pursuant to Local Bankruptcy Rule 7008:1(a), Plaintiff consents to the entry

15 of final orders or judgment by the Bankruptcy Court.

16                                     **Parties**

17     10.     The Plaintiff is the Chapter 7 Trustee, who brings this adversary proceeding

18 on behalf of the above-referenced bankruptcy estate.

19     11.     Defendant, Daniel E. Apodaca ("Apodaca"), is a resident of the State of

20 California, and was the court-appointed accountant for the above-referenced bankruptcy

21 estate. *See* Order Authorizing Jointly Administered Debtors To Employ Accountants (11

22 U.S.C. § 327 (a)) [Apodaca & Company] [DE 225] entered on August 25, 2010, in the

23 Bankruptcy Case. Apodaca is also the trustee of the 2012 Villalobos Life Insurance

24 Trust.

25     12.     Defendant, VFT, Incorporated, is a Nevada corporation.

26     13.     Defendant J. Michael Roney Insurance Services Inc., is a California

27 corporation.

28     14.     Upon information and belief, Defendant J. Michael Roney, is a resident of

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

1 the State of California.

2     15. Upon information and belief, Defendant Eric William Villalobos is a
3 resident of the State of Nevada.

4     16. Upon information and belief Defendant Jessica Kinley Rae Villalobos is a
5 resident of the State of California.

6     17. Upon information and belief, Defendant Adriana Ivette Villalobos is a
7 resident of the State of California.

8     18. Upon information and belief Defendant Carrissa Dolores Villalobos is a
9 resident of the State of California.

10     19. Upon information and belief, Defendant Alfred James Villalobos is a
11 resident of the State of Nevada.

12     20. Upon information and belief, Defendant Emiliano Francisco Villalobos is
13 the minor child of Alfred Nash Villalobos and Adriana Villalobos and is a resident of the
14 State of California.

15     21. Upon information and belief, Defendant Christian Daniel Villalobos is the
16 minor child of Alfred Nash Villalobos and Adriana Villalobos and is a resident of the
17 State of California.

18     22. Upon information and belief, Defendant Alyssa Rae Villalobos is the minor
19 child of Jessica Kinley Rae Villalobos and is a resident of the State of Nevada.

20 **Background**

21     23. On or about June 26, 2008, Arvco Capital applied for a $9,000,000.00, ten
22 year term life insurance policy, on the life of Villalobos with John Hancock Life
23 Insurance Company (U.S.A.) ("John Hancock") and policy number 81-556-854 was
24 created on those terms (the "Policy"). Arvco Capital was the owner and the 100%
25 primary beneficiary of the Policy. *See* **Exhibit A** to the Declaration of Holly E. Estes,
26 Esq. In Support of Complaint For (1) Avoidance of Post-Petition Transfer of Property of
27 The Bankruptcy Estate (2) Liability of Transferee of Avoided Transfer (3) Automatic
28 Preservation of Avoided Transfer (4) Turnover of Property of The Estate (5) Injunctive

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 hee.wpd

4

1  Relief, and (6) Declaratory Relief, filed March 10, 2015 (the "Estes Declaration").

2      24.    On or about June 25, 2008, Arvco Capital paid the initial annual Policy
3  premium payment in the amount of $46,450.00 with check number 2939 from the Arvco
4  Capital bank account ending in 9854. *See* **Exhibit B** to Estes Declaration.

5      25.    On or about May 20, 2009, Arvco Capital paid the second annual Policy
6  premium payment in the amount of $46,450.00 with check number 3539 from the Arvco
7  Capital bank account ending in 9854. *See* **Exhibit C** to Estes Declaration.

8      26.    As of the Petition Date, Arvco Capital was the owner and the 100%
9  primary beneficiary of the Policy.

10      27.    Arvco Capital did not list, and has never listed, its ownership or beneficial
11  interest in the Policy in its schedules. *See* [DE 73] and [DE 247] Bankr. Case No. 10-
12  52249-GWZ.

13      28.    On or about June 26, 2010, J. Michael Roney ("Michael Roney") and/or J.
14  Michael Roney Insurance Services Inc., loaned Villalobos, the individual Chapter 11
15  Debtor, $12,309.25 in order for Villalobos to make his John Hancock Policy premium
16  payment that was due on June 26, 2010. Michael Roney purports to be secured by the
17  Policy for this loan and any subsequent loan. This post-petition loan, and any subsequent
18  loan was not disclosed or approved by the Bankruptcy Court, and it was not permitted by
19  the Bankruptcy Code. The $12,309.25 and any subsequent loan or advance by Michael
20  Roney and/or J. Michael Roney Insurance Services Inc., was property of the Bankruptcy
21  Case estate as that term is defined in 11 U.S.C. § 1115(a). *See* **Exhibit D** to Estes
22  Declaration.

23      29.    On September 10, 2010, in his third amended schedules, Villalobos for the
24  first time in his bankruptcy case listed a term life insurance policy with a "$0" value on
25  his amended schedule B, and Villalobos claimed a "$0" exemption in the term life
26  insurance policy under NRS § 21.090(1)(k) and NRS § 687B.260. *See* [DE 245] Bankr.
27  Case No. 10-52248-GWZ.

28      30.    On September 9, 2010, three months after the Petition Date, Villalobos, as

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115-hee.wpd

5

managing member of Arvco Capital, sent John Hancock a request to change ownership of the Policy. In the request Arvco Capital was to transfer and assign its rights, title and interest in the Policy *as a gift for love and affection* to: Villalobos Estate - Estate (1/9 owner); Eric W. Villalobos - Son (1/9 owner); Jessica Kinley Rae Villalobos - Granddaughter (1/9 owner); Adriana Ivette Villalobos- Granddaughter (1/9 owner); Alfred James Villalobos - Grandson (1/9 owner); Emiliano F. Villalobos - Grandson (1/9 owner); and Christian D. Villalobos - Grandson (1/9 owner). *See* **Exhibit E** to Estes Declaration.

31. The September 9, 2010, request was not authorized under the Bankruptcy Code, and was not approved by order of the Bankruptcy Court.

32. On September 10, 2010, Villalobos, as managing member of Arvco Capital, sent John Hancock a request to change the beneficiary of the Policy. In the request Arvco Capital was to revoke its beneficiary designation or direction of payment previously made in respect to the proceeds payable on the death of the life insured, Villalobos, under the Policy. Villalobos, as managing member of Arvco Capital, requested that John Hancock change the beneficiary under the Policy from Arvco Capital to: Villalobos Estate - Estate; Eric W. Villalobos - Son; Jessica Kinley Rae Villalobos - Granddaughter; Adriana Ivette Villalobos- Granddaughter; Alfred James Villalobos - Grandson; Emiliano F. Villalobos - Grandson; and Christian D. Villalobos - Grandson. *See* **Exhibit F** to Estes Declaration.

33. The September 10, 2010, request was not authorized under the Bankruptcy Code, and was not approved by order of the Bankruptcy Court.

34. On December 6, 2010, John Hancock sent a letter to Arvco Capital stating that Arvco Capital's request to change the owner of the Policy from Arvco Capital to: Villalobos Estate - Estate (1/9 owner); Eric W. Villalobos - Son (1/9 owner); Jessica Kinley Rae Villalobos - Granddaughter (1/9 owner); Adriana Ivette Villalobos- Granddaughter (1/9 owner); Alfred James Villalobos - Grandson (1/9 owner); Emiliano F. Villalobos - Grandson (1/9 owner); and Christian D. Villalobos - Grandson (1/9 owner) was incomplete and could not be processed. *See* **Exhibit G** to Estes Declaration.

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031715 hee.wpd

6

35. On or about December 9, 2010, six months after the Petition Date, Michael Roney of Roney & Company and/or J. Michael Roney Insurance Services Inc., faxed John Hancock a request to process the September 9, 2010, change of owner and September 10, 2010, change of beneficiary on the Policy on a "rush basis." *See* **Exhibit H** to Estes Declaration.

36. On December 27, 2010, Villalobos, as chairman and managing member of Arvco Capital, sent John Hancock a letter from Arvco Capital regarding the Policy. The letter stated that on approximately September 9, 2010, and/or September 10, 2010, Arvco Capital sent John Hancock a request to change ownership of the Policy and to change the beneficiary of the Policy. Villalobos requested that John Hancock disregard those requested changes. *See* **Exhibit I** to Estes Declaration.

37. On December 27, 2010, Villalobos, as chairman and managing member of Arvco Capital, Jessica Kinley Rae Villalobos, Adriana Ivette Villalobos, on behalf of minors: Alfred James Villalobos; Emiliano F. Villalobos; and Christian D. Villalobos, Eric William Villalobos, and Carrissa Dolores Villalobos sent John Hancock a letter stating that on approximately September 9, 2010, and/or September 10, 2010, they sent John Hancock a request to change ownership of the Policy and to change the beneficiary of the Policy. They requested that John Hancock disregard the September 9, 2010, and September 10, 2010, requested changes. *See* **Exhibit J** to Estes Declaration.

38. On or around January 5, 2011, Villalobos, as chairman and managing member of Arvco Capital, and Alfred Nash Villalobos, as alleged general counsel of Arvco Capital, sent John Hancock a request to change ownership of the Policy. In the request Arvco Capital was to transfer and assign its rights, title and interest in the Policy *as a gift for love and affection* to: Jessica Kinley Rae Villalobos - Granddaughter of the life insured and Carrissa Dolores Villalobos - Granddaughter of the life insured. *See* **Exhibit K** to Estes Declaration.

39. The January 5, 2011, request was not authorized under the Bankruptcy Code, and was not approved by order of the Bankruptcy Court.

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada 89501**
**(775) 786-4579**

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115/hee.wpd

7

1    40.    Alfred Nash Villalobos's representation of Arvco Capital as its "general counsel" was never disclosed to the Bankruptcy Court. Alfred Nash Villalobos is an insider of the Debtor as he is the son of Villalobos.  Alfred Nash Villalobos' employment as counsel for the Debtor was not authorized under the Bankruptcy Code, and was not approved by order of the Bankruptcy Court.

41.    On January 7, 2011, Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos as alleged owners of the Policy sent John Hancock a request to change the beneficiary of the Policy.  In the request Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos revoked any beneficiary designation or direction of payment previously made in respect to the proceeds payable on the death of the life insured, Villalobos, under the Policy.  Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos, as alleged owners of the Policy requested that John Hancock change the beneficiary under the Policy to: Eric W. Villalobos - Son of life insured (2/18 owner); Jessica Kinley Rae Villalobos - Granddaughter of life insured (3/18 owner); Adriana Ivette Villalobos- Granddaughter of life insured (6/18 owner); Alfred James Villalobos - Grandson of life insured (3/18 owner); Emiliano F. Villalobos - Grandson of life insured (2/18 owner); and Christian D. Villalobos - Grandson of life insured (2/18 owner).  *See* **Exhibit L** to Estes Declaration.

42.    The January 7, 2011, request was not authorized by the Bankruptcy Code, and was not approved by the Bankruptcy Court.

43.    On January 31, 2011, John Hancock sent a letter to Villalobos, Jessica Kinley Rae Villalobos, Adriana Ivette Villalobos, on behalf of minors: Alfred James Villalobos; Emiliano F. Villalobos; and Christian D. Villalobos, and Eric William Villalobos, wherein John Hancock stated that it was in receipt of the letter sent by Villalobos, chairman and managing member of Arvco Capital, dated December 27, 2010, in which Villalobos advised John Hancock to disregard the change in ownership and beneficiary forms dated September 9, 2010, and September 10, 2010.  Based on Villalobos' letter, John Hancock reversed the change in ownership back to the previous

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115nee.wpd

8

1 owner, Arvco Capital.  See **Exhibit M** to Estes Declaration.

2     44.    Upon information and belief, starting in October 2012, Apodaca and/or Apodaca & Company began making loans to Villalobos, the individual Chapter 11 Debtor.  Upon information and belief, the total of all loans made from Apodaca and/or Apodaca & Company to Villalobos post-petition total $252,954.41 (the "Apodaca Loans").  See **Exhibit N** to Estes Declaration.  The Apodaca Loans were not disclosed to or approved by the Bankruptcy Court, and were not permitted under the Bankruptcy Code.  Upon information and belief, some of the money from the Apodaca Loans was used to pay the Policy premiums.  The Apodaca loans were property of the Bankruptcy Case estate as that term is defined in 11 U.S.C. § 1115(a).

45.    On June 12, 2012, VFT, Incorporated, a Nevada corporation was formed with Apodaca listed as the Treasurer, and Alfred James Villalobos listed as the President, Secretary, and Director of the corporation.  See **Exhibit O** to Estes Declaration.

46.    On June 25, 2012, the Villalobos Life Insurance Trust was created by a Declaration of Trust (the "VLIT").  Apodaca is the Trustee of the VLIT.  The Settlors of the VLIT are said to be Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos.  Upon information and belief, the beneficiaries of the VLIT are Eric William Villalobos, Jessica Kinley Rae Villalobos, Adriana Ivette Villalobos, Carrissa Dolores Villalobos, Alfred James Villalobos, Emiliano Francisco Villalobos, Christian Daniel Villalobos, and Alyssa Rae Villalobos.  See **Exhibit P** to Estes Declaration.

47.    Under the provisions of the VLIT, Apodaca, as Trustee of the VLIT, is to invest $600,000.00 on behalf of Alfred James Villalobos in VFT, Incorporated, in exchange for 50% of the shares therein.  See **Exhibit Q** to Estes Declaration.

48.    Under the provisions of the VLIT, Apodaca, as Trustee of the VLIT, is to invest $600,000.00 on behalf of Christian Villalobos in VFT, Incorporated, in exchange for 50% of the shares therein.  See **Exhibit R** to Estes Declaration.

49.    On July 2, 2012, Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos, as alleged owners of the Policy, sent John Hancock a request to change

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115-hee.wpd

9

1  ownership of the Policy. In the request, Jessica Kinley Rae Villalobos and Carrissa
2  Dolores Villalobos allegedly transferred and assigned their alleged rights, title and
3  interest in the Policy to the VLIT. *See* **Exhibit S** to Estes Declaration.
4      50.    The July 2, 2012, request was not authorized under the Bankruptcy Code,
5  and was not approved by order of the Bankruptcy Court.
6      51.    On July 3, 2012, Apodaca, as Trustee for the VLIT, as the alleged owner of
7  the Policy sent John Hancock a request to change the beneficiary under the Policy to the
8  VLIT. *See* **Exhibit T** to Estes Declaration.
9      52.    The July 3, 2012, request was not authorized under the Bankruptcy Code,
10  and was not approved by order of the Bankruptcy Court.
11      53.    Upon information and belief, all of the Policy premiums were paid with or
12  from property of the Bankruptcy Case estate.
13      54.    On November 17, 2014, counsel for the Chapter 7 Trustee sent Apodaca an
14  email requesting a copy of the Life Insurance Trust referenced in his October 17, 2014,
15  email's attachment regarding loans from him to Villalobos. *See* **Exhibit GG** to Estes
16  Declaration.
17      55.    On November 18, 2014, Apodaca sent counsel for the Chapter 7 Trustee an
18  email informing her that his attorney, Robert B. Martin, Jr., Esq. ("Martin"),
19  recommended he provide counsel with a copy of the Certificate of Trust for the VLIT.
20  *See* **Exhibit GG** to Estes Declaration.
21      56.    On January 13, 2015, Villalobos passed away. *See* **Exhibit U** to Estes
22  Declaration.
23      57.    On January 14, 2014, counsel for the Chapter 7 Trustee sent Amy Tirre,
24  Esq., counsel for Apodaca, an email requesting that Apodaca produce a copy of the
25  Policy. *See* **Exhibit EE** to the Estes Declaration.
26      58.    On January 14, 2015, counsel for the Chapter 7 Trustee sent Martin an
27  email requesting a copy of any trust or other estate planing document that he prepare for
28  Villalobos. Martin responded by stating that he does not and has never represented

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 fee.wpd

10

Villalobos and has never prepared any trust for Villalobos. He stated that his prior law firm did prepare an irrevocable life insurance trust for Villalobos. *See* **Exhibit EE** to Estes Declaration.

59. Thereafter, on January 14, 2015, counsel for the Chapter 7 Trustee sent Martin an email requesting a copy of VLIT. Martin sent a reply email informing counsel for the Chapter 7 Trustee that he does not now, nor has he ever represented Villalobos, despite the fact that the Chapter 7 Trustee's email did not request such information, but rather was seeking a copy of the VLIT. *See* **Exhibit EE** to Estes Declaration.

60. Next, on January 14, 2015, counsel for the Chapter 7 Trustee sent Martin the email she had received from Apodaca on November 18, 2014, wherein Apodaca asserted Martin was Apodaca's and the VLIT's counsel along with a note again requesting a copy of the VLIT. *See* **Exhibit EE** to Estes Declaration.

61. On January 15, 2015, counsel for the Chapter 7 Trustee called John Hancock requesting information regarding any term life insurance policy(s) of the Debtors. John Hancock requested that counsel send a letter to customer service to request information. Counsel informed the John Hancock representative that there was likely going to be a dispute as to who was entitled to the Policy proceeds.

62. On January 16, 2015, counsel for the Chapter 7 Trustee sent John Hancock a letter requesting a copy of any and all life insurance policies issued to either Villalobos or Arvco Capital including the Policy, and a full payment history on all policies. *See* **Exhibit V** to Estes Declaration. The Chapter 7 Trustee never received a response from John Hancock to her January 16, 2015, letter.

63. On January 16, 2015, counsel for the Chapter 7 Trustee received a reply email from Amy Tirre, Esq, stating that she had a chance to speak with her client, Apodaca, regarding producing a copy of the Policy and that counsel for the Chapter 7 Trustee should reach out to Martin, the attorney for Apodaca as trustee for the VLIT. Counsel for the Chapter 7 Trustee sent a reply email to Amy Tirre, Esq., requesting who Apodaca's counsel was because Apodaca had previously informed her that Martin was

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 hee.wpd    11

1  his counsel, but when Martin was asked by the Chapter 7 Trustee, Martin said counsel's
2  understanding was incorrect, he did not represent the VLIT.  *See* **Exhibit EE** to Estes
3  Declaration.
4      64.   On January 20, 2015, counsel for the Chapter 7 Trustee received a reply
5  from Martin wherein he again reiterated that he did not represent Villalobos.  Martin for
6  the first time admitted that he represented Jessica Kinley Rae Villalobos and Carrissa
7  Dolores Villalobos, the settlors of the VLIT, and Apodaca, the trustee of the VLIT.  He
8  provided that he was "highly weary" of involving the VLIT in any bankruptcy or probate
9  proceeding and requested that all communications regarding the VLIT go through counsel
10 for Apodaca.  *See* **Exhibit EE** to Estes Declaration.
11     65.   Martin advertises himself as an expert in offshore asset protection trusts.
12 Martin also advertises that he undertakes "sophisticated tax, estate and asset protection
13 planning for high net worth individuals."  *See* **Exhibit FF** to Estes Declaration.
14     66.   On January 21, 2015, John Hancock sent Apodaca, as Trustee for the VLIT,
15 a letter wherein John Hancock stated that it was responding to the Chapter 7 Trustee's
16 January 16, 2015, letter request for a full payment history on all policies.  John Hancock
17 noted that it was not able to send the information to the Chapter 7 Trustee directly, but
18 instead sent it to Apodaca.  *See* **Exhibit W** to Estes Declaration.
19     67.   On or around February 4, 2015, Apodaca, as Trustee for the VLIT, sent
20 John Hancock a Statement of Claim for Death Benefit requesting a lump sum payment of
21 the proceeds due under the Policy be wired to a Citibank checking account ending in
22 7143.  Therein, Apodaca describes himself as a "Business Associate" of the insured.
23 Apodaca requested that John Hancock "expedite the claims process."  *See* **Exhibit X** to
24 Estes Declaration.
25     68.   On February 6, 2015, the Chapter 7 Trustee sent John Hancock a letter
26 pursuant to NRS § 687B.260 providing that the Chapter 7 Trustee was in the process of
27 investigating whether the bankruptcy estate has a claim to recover for transfers made or
28 premiums paid on the Policy with intent to defraud creditors.  *See* **Exhibit Y** to Estes

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 fee.wpd

12

1  Declaration.

2      69.    On February 6, 2015, counsel for the Chapter 7 Trustee issued a subpoena
3  for John Hancock to produce certain documents by February 20, 2015. *See* **Exhibit Z** to
4  Estes Declaration.

5      70.    On or around February 9, 2015, Apodaca, as Trustee for the VLIT, sent
6  John Hancock a second Statement of Claim for Death Benefit requesting a lump sum
7  payment of the proceeds due under the Policy be wired to a Citibank checking account
8  ending in 7143. Therein, Apodaca describes himself as a "Business Associate" of the
9  insured. Apodaca again requested that John Hancock "expedite the claims process." *See*
10 **Exhibit AA** to Estes Declaration.

11     71.    Upon information and belief, on or about February 12, 2015, John Hancock
12 completed its claims analyst payment checklist(s). *See* **Exhibit BB** to Estes Declaration.

13     72.    Upon information and belief, the $9,013,918.31 due as proceeds under the
14 Policy (the "Policy Proceeds") were wire transferred to the Citibank checking account
15 ending in 7143 on February 13, 2015. *See* **Exhibit CC** to Estes Declaration.

16     73.    On February 18, 2015, John Hancock requested and received an extension
17 of time to produce the documents requested in the subpoena from January 20, 2015 to
18 March 4, 2015. *See* **Exhibit DD** to Estes Declaration.

19     74.    On March 4, 2015, the Chapter 7 Trustee received the documents from John
20 Hancock pursuant to the subpoena request. March 4, 2015, is when the Chapter 7 Trustee
21 first became aware that: (1) Arvco Capital was the owner and beneficiary of the Policy on
22 the Petition Date; (2) the Policy had been transferred post-petition; and (3) the Policy
23 Proceeds had been paid out to VLIT.

24     75.    Upon information and belief, some or all of the Policy Proceeds have been
25 transferred to the VLIT, Apodaca, Apodaca & Company, VFT, Incorporated, J.Michael
26 Roney, J. Michael Roney Insurance Services Inc., Eric William Villalobos, Jessica Kinley
27 Rae Villalobos, Adriana Ivette Villalobos, Carrissa Dolores Villalobos, Alfred James
28 Villalobos, Emiliano Francisco Villalobos, Christian Daniel Villalobos, and Alyssa Rae

**Law Offices of**
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 fee.wpd

13

1 Villalobos.

## FIRST CLAIM FOR RELIEF

### [Avoidance of Post-Petition Transfer - 11 U.S.C. § 549]

### AGAINST ALL DEFENDANTS

76. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 75, inclusive, as if fully set forth herein.

77. The ownership of the Policy was transferred by Villalobos, as chairman and managing member of Arvco Capital, to Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos after the Petition Date. This transfer was not authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

78. The beneficial interest in the Policy was transferred from Arvco Capital to Eric W. Villalobos - Son of life insured (2/18 owner); Jessica Kinley Rae Villalobos - Granddaughter of life insured (3/18 owner); Adriana Ivette Villalobos- Granddaughter of life insured (6/18 owner); Alfred James Villalobos - Grandson of life insured (3/18 owner); Emiliano F. Villalobos - Grandson of life insured (2/18 owner); and Christian D. Villalobos - Grandson of life insured (2/18 owner). This transfer was not authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

79. The ownership of the Policy was allegedly transferred by Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos to the VLIT. This transfer was not authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

80. The beneficial interest in the Policy was allegedly transferred from Eric W. Villalobos - Son of life insured (2/18 owner); Jessica Kinley Rae Villalobos - Granddaughter of life insured (3/18 owner); Adriana Ivette Villalobos- Granddaughter of life insured (6/18 owner); Alfred James Villalobos - Grandson of life insured (3/18 owner); Emiliano F. Villalobos - Grandson of life insured (2/18 owner); and Christian D. Villalobos - Grandson of life insured (2/18 owner) to the VLIT. This transfer was not authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

81. The $9,013,918.31 in Policy Proceeds were wire transferred to the Citibank

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 fee.wpd

14

1  checking account ending in 7143 on February 13, 2015.  This transfer was not authorized
2  under the Bankruptcy Code or by order of the Bankruptcy Court.

3        82.  Upon information and belief, some or all of the Policy Proceeds have been
4  transferred to the VLIT, Apodaca, Apodaca & Company, VFT, Incorporated, J. Michael
5  Roney, J. Michael Roney Insurance Services Inc., Eric William Villalobos, Jessica Kinley
6  Rae Villalobos, Adriana Ivette Villalobos, Carrissa Dolores Villalobos, Alfred James
7  Villalobos, Emiliano Francisco Villalobos, Christian Daniel Villalobos, and Alyssa Rae
8  Villalobos.

9        83.  Accordingly, the Chapter 7 Trustee may avoid the transfers and recover the
10  property of the estate.

## SECOND CLAIM FOR RELIEF

### [Liability of Transferee Of Avoided Transfer- 11 U.S.C. § 550]

### AGAINST ALL DEFENDANTS

14        84.  Plaintiff realleges and incorporates by reference each and every allegation
15  contained in paragraphs 1 through 83, inclusive, as if fully set forth herein.

16        85.  To the extent that the transfers of the Policy are avoided by this Court, the
17  Plaintiff may recover the Policy and the Policy Proceeds transferred, or the value of the
18  Policy Proceeds from Defendants for the benefit of the estate.

## THIRD CLAIM FOR RELIEF

### [Automatic Preservation of Avoided Transfer- 11 U.S.C. § 551]

### AGAINST ALL DEFENDANTS

22        86.  Plaintiff realleges and incorporates by reference each and every allegation
23  contained in paragraphs 1 through 85, inclusive, as if fully set forth herein.

24        87.  To the extent that the transfers of the Policy and the Policy Proceeds are
25  avoided by this Court, the Policy and the Policy Proceeds are preserved for the benefit of
26  the estate.

27  ///
28  ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 hec.wpd

15

## FOURTH CLAIM FOR RELIEF

### [For Turnover of Property of the Estate - 11 U.S.C. § 542]

### AGAINST ALL DEFENDANTS

88. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 87, inclusive, as if fully set forth herein.

89. VLIT, Apodaca, Apodaca & Company, VFT, Incorporated, J. Michael Roney, J. Michael Roney Insurance Services Inc., Eric William Villalobos, Jessica Kinley Rae Villalobos, Adriana Ivette Villalobos, Carrissa Dolores Villalobos, Alfred James Villalobos, Emiliano Francisco Villalobos, Christian Daniel Villalobos, and/or Alyssa Rae Villalobos are in possession, custody or control over the Policy Proceeds.

90. Arvco Capital was the record owner of the Policy on the Petition Date.

91. Arvco Capital was the record beneficiary under the Policy on the Petition Date.

92. The Policy and the Policy Proceeds are property of the Bankruptcy Case estate pursuant to 11 U.S.C. § 541.

93. By reason of the Chapter 7 Trustee's ability to avoid a transfer of property of the estate, Plaintiff is entitled to recover the Policy and the Policy Proceeds from VLIT, Apodaca, Apodaca & Company, VFT, Incorporated, J. Michael Roney, J. Michael Roney Insurance Services Inc., Eric William Villalobos, Jessica Kinley Rae Villalobos, Adriana Ivette Villalobos, Carrissa Dolores Villalobos, Alfred James Villalobos, Emiliano Francisco Villalobos, Christian Daniel Villalobos, and/or Alyssa Rae Villalobos.

94. The Policy Proceeds could be used by Plaintiff to benefit the estate pursuant to 11 U.S.C. § 542.

## FIFTH CLAIM FOR RELIEF

### [Injunctive Relief]

### AGAINST ALL DEFENDANTS

95. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 94, inclusive, as if fully set forth herein.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 hee.wpd

16

96. Defendants continue to wrongfully possess and use the Policy Proceeds, and unless enjoined, will continue to do so.

97. Unless Defendants are immediately enjoined from further dissipating the Policy Proceeds, the Chapter 7 Trustee and the Debtors' estates will be irreparably damaged in that they will be unable to recover the entire amount of such proceeds, and will be deprived of a valuable asset that could be used to pay creditors.

98. The Policy Proceeds which are being wrongfully possessed and used by Defendants are assets of the above-captioned bankruptcy estates, and an injunction is required in order to preserve the value thereof.

99. Plaintiff has been forced to obtain the services of an attorney to prosecute this action, and is therefore entitled to recover his reasonable attorneys' fees and costs of suit.

**SIXTH CLAIM FOR RELIEF**

**[Declaratory Relief]**

**AGAINST ALL DEFENDANTS**

100. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 99, inclusive, as if fully set forth herein.

101. Arvco Capital was the record owner of the Policy on the Petition Date.

102. Arvco Capital was the record beneficiary under the Policy on the Petition Date.

103. The ownership and beneficial interest in the Policy was property of the Debtor's estate pursuant to 11 U.S.C. § 541.

104. The ownership of the Policy was transferred by Villalobos, as chairman and managing member of Arvco Capital, to Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos after the Petition Date. This transfer was not authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

105. The beneficial interest in the Policy was transferred from Arvco Capital to: Eric W. Villalobos - Son of life insured (2/18 owner); Jessica Kinley Rae Villalobos -

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 fee.wpd

17

1  Granddaughter of life insured (3/18 owner); Adriana Ivette Villalobos- Granddaughter of
2  life insured (6/18 owner); Alfred James Villalobos - Grandson of life insured (3/18
3  owner); Emiliano F. Villalobos - Grandson of life insured (2/18 owner); and Christian D.
4  Villalobos - Grandson of life insured (2/18 owner).  This transfer was not authorized
5  under the Bankruptcy Code or by order of the Bankruptcy Court.

6      106.    The ownership of the Policy was allegedly transferred by Jessica Kinley
7  Rae Villalobos and Carrissa Dolores Villalobos to the VLIT.  This transfer was not
8  authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

9      107.    The beneficial interest in the Policy was allegedly transferred from: Eric W.
10  Villalobos - Son of life insured (2/18 owner); Jessica Kinley Rae Villalobos -
11  Granddaughter of life insured (3/18 owner); Adriana Ivette Villalobos- Granddaughter of
12  life insured (6/18 owner); Alfred James Villalobos - Grandson of life insured (3/18
13  owner); Emiliano F. Villalobos - Grandson of life insured (2/18 owner); and Christian D.
14  Villalobos - Grandson of life insured (2/18 owner) to the VLIT.  This transfer was not
15  authorized under the Bankruptcy Code or by order of the Bankruptcy Court.

16      108.    The $9,013,918.31 in Policy Proceeds were wire transferred to the Citibank
17  checking account ending in 7143 on February 13, 2015.  This transfer was not authorized
18  under the Bankruptcy Code or by order of the Bankruptcy Court.

19      109.    Despite the unauthorized and wrongful transfer of the Policy, Defendants
20  contend that the Policy Proceeds are no longer assets of the Debtors' estates, and belong
21  to other non-debtor parties.

22      110.    As a result of the different contentions between Plaintiff and Defendants, a
23  controversy has arisen between the parties as to whether Plaintiff has an interest in Policy
24  Proceeds.

25      111.    Plaintiff therefore requests a declaration from the Court that Plaintiff is, and
26  at all times herein mentioned was, the owner and beneficiary of the Policy.

27      112.    Plaintiff has been forced to obtain the services of an attorney to prosecute
28  this action, and is therefore entitled to recover his reasonable attorneys' fees and costs of

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada 89501**
**(775) 786-4579**

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 fee.wpd

18

suit.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. That the transfer be set aside, and that the Policy and Policy Proceeds be turned over to Plaintiff.

2. That the Chapter 7 Trustee recover the property transferred, or the value of such property.

3. That the Policy be preserved for the benefit of the Bankruptcy Case estate.

4. That all Defendants and/or Defendants' counsel and/or Defendants' agents, parents, and/or guardians in possession custody or control of the Policy and Policy Proceeds be required to turnover the Policy and Policy Proceeds to the Chapter 7 Trustee, and/or the value of the Policy Proceeds, and account for the Policy Proceeds.

5. That all Defendants and/or Defendants' counsel and/or Defendants' agents, parents, and/or guardians be enjoined from transferring or spending any of the Policy Proceeds.

6. That this Court enter an order providing (1) the proper owner of the Policy (2) the beneficiary under the Policy, and (3) the party entitled to the Policy Proceeds.

7. Reasonable attorneys' fees and costs of suit.

8. For such other and further relief as the Court deems just and fair.

DATED this 11th day of March 2015.

LAW OFFICES OF ALAN R. SMITH

By: /s/ Holly E. Estes
HOLLY E. ESTES, ESQ.
Attorney for Chapter 7 Trustee

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Villalobos\Adv. Villalobos Life Insurance Trust\Complaint [FINAL] 031115 hee.wpd

19