# Exhibit "P"

Exhibit "P"

JHAV0041

CERTIFICATION OF TRUST
OF
VILLALOBOS LIFE INSURANCE TRUST

The undersigned, Daniel E. Apodaca, hereby declares that:

1.    I am the Trustee of the Villalobos Life Insurance Trust (the "Trust") created under a Declaration of Trust dated June 25, 2012 (the "Trust Declaration").

2.    The settlors of the Trust are Jessica Kinley Rae Villalobos and Carrissa Dolores Villalobos (the "Settlors").

3.    Under the Trust Declaration the Trustee shall possess and own all the incidents of ownership, rights, powers, interests, privileges, and benefits of every kind that may accrue on account of any of the insurance policies composing part of the trust estate, in addition to the power to acquire, sell, convey, encumber, lease, borrow, manage and otherwise deal with interests in real and personal property in trust name. The powers of the Trustee are set forth in Articles IV and V of the Trust Declaration, a true copy of which may be attached to this certification

4.    .  The Trust is irrevocable and may not be altered, or amended in any respect and it may not be terminated except through distributions permitted by Trust Declaration.

5.    There is one Trustee of the Trust who is authorized to sign in order to exercise any powers of the Trustee.

6.    The Trust has not been revoked, modified, or amended in any manner that would cause the representations contained in this certification of trust to be incorrect and it is being signed by the sole currently acting trustee of the trust.

7.    This certification of trust is as provided in Nevada Revised Statutes Sections 164.400 *et. seq.*

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on July 2, 2012, at Reno, Nevada.

Daniel E. Apodaca

1

State of Nevada
County of Washoe

On ~~July 2, 2012~~ before me,
~~Cissy A. Garrison~~ (insert name and title of the officer)
personally appeared
~~Daniel E. Andreas~~ , who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Nevada that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ~~Cissy A. Garrison~~ (Seal)

CISSY A. GARRISON
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 99-3938-2 - Expires August 15, 2012

2

JHAV0043

## DECLARATION OF TRUST
## VILLALOBOS LIFE INSURANCE TRUST

DANIEL E. APODACA (as "Trustee") declares that JESSICA KINLEY RAE VILLALOBOS and CARRISSA DOLORES VILLALOBOS (referred to jointly herein as "Grantors") have transferred and delivered to the Trustee without consideration the property described in Schedule "A" attached to this instrument.

### ARTICLE I
### GENERAL PROVISIONS

1.1     **Trust Estate.** All property subject to this instrument from time to time, including any life insurance policy or policies, is referred to as the "trust estate" and shall be held, administered and distributed according to this instrument. Other property may be added to the trust estate by any person, by the proceeds of life insurance, or otherwise.

1.2     **Irrevocability.** This trust shall be irrevocable and may not be altered, or amended in any respect and it may not be terminated except through distributions permitted by this instrument.

1.3     **Trust Title.** This trust may be referred to as the **VILLALOBOS LIFE INSURANCE TRUST.**

1.4     **Trustee. DANIEL E. APODACA** shall be the initial Trustee of this trust. Upon the death, disability, incompetency or resignation of **DANIEL E. APODACA** then the successor Trustee shall be **ALFRED JAMES VILLALOBOS.** Upon the death, disability, incompetency or resignation of **ALFRED JAMES VILLALOBOS** then the successor Trustee shall be **CARRISSA DOLORES VILLALOBOS.** Upon the death, disability, incompetency or resignation of **CARRISSA DOLORES VILLALOBOS** then the successor Trustee shall be **NORTHERN TRUST COMPANY** or such other bank or trust company authorized by law to exercise trust powers as shall have been appointed in writing by both Grantors during their joint lifetime, or failing such appointment, by a surviving Grantor or a predecessor Trustee then in office.

1.5    Beneficiaries. This trust is established for the specific benefit of the following children and grandchildren of Alfred J.R. Villalobos (the "Insured") the grandfather of Grantors:

| Name | Date of Birth |
|------|---------------|
| ERIC WILLIAM VILLALOBOS | |
| JESSICA KINLEY RAE VILLALOBOS | |
| ADRIANA IVETTE VILLALOBOS | |
| CARRISSA DOLORES VILLALOBOS | |
| ALFRED JAMES VILLALOBOS | |
| EMILIANO FRANCISCO VILLALOBOS | |
| CHRISTIAN DANIEL VILLALOBOS | |
| ALYSSA RAE VILLALOBOS | |



Each of the foregoing named beneficiaries and their issue as provided herein may be referred to herein as a Beneficiary and in the plural as Beneficiaries. Except as provided herein there are no other beneficiaries of this trust and Grantors have intentionally omitted all other prospective beneficiaries of this trust.

1.7    Purposes. This trust is established as a means by which property, including one (1) or more policies of insurance on the life of the Insured may be held for the benefit of the Beneficiaries of this trust as named herein on the terms and condition set forth in this instrument. It is the Grantors' intent in creating this trust that all gifts made to this trust be both complete and gifts of present interest for federal gift tax purposes, and that the property of this trust, including any life insurance proceeds, be excluded from Grantors' gross estate for federal estate tax purposes. All provisions of this trust shall be construed in such a manner as best to effectuate these intents.

1.8    Certification of Trust. The Trustee may present a certification of trust as provided in Nevada Revised Statutes Sections 164.400 *et. seq.* to any person in lieu of providing a copy of this trust instrument to establish the existence or terms of the trust. The certification of trust may confirm the following facts or contain the following information: (1) the existence of the trust and date of execution of the trust instrument; (2) the identity of the Grantors and the currently acting Trustee of the trust; (3) the powers of the Trustee; (4) the irrevocability of the trust; (5) when there are multiple

- 2 -

trustees, the signature authority of the trustees, indicating whether all, or less than all, of the currently acting trustees are required to sign in order to exercise various powers of the trustee; (6) the trust identification number, whether a social security number or an employer identification number; (7) the manner in which title to trust assets should be taken; or (8) the legal description of any interest in real property held in the trust. The certification of trust may, but is not required to, include excerpts from the original trust document, and any other documents evidencing or pertaining to the succession of successor trustees. The certification of trust shall not be required to contain the dispositive provisions of the trust that set forth the distribution of the trust estate.

## ARTICLE II
## DISTRIBUTIONS

**2.1 During Insured's Lifetime.** During the lifetime of the Insured the Trustee is authorized to, but is not required to, use some or all of the income and principal of the trust estate to pay premiums on policies of life insurance on the life of the Insured.

**2.2 Death of the Insured.** Upon the death of the Insured, the Trustee shall accumulate any income of the trust until the receipt by the trust of the proceeds of all life insurance owned by the trust on the life of the Insured. Thereafter, the Trustee shall hold, administer, and distribute the trust estate in accordance with the provisions of this ARTICLE.

**2.3 Distribution on Death of Insured.** Upon the death of the Insured, the Trustee shall divide the Trust Estate into 36 equal shares. The Trustee shall allocate the number of shares for the benefit of each Beneficiary or each group composed of the living issue of a deceased Beneficiary as follows:

| Beneficiary/Group | Shares |
|---|---|
| ERIC WILLIAM VILLALOBOS | 2 shares |
| JESSICA KINLEY RAE VILLALOBOS | 4 shares |
| ADRIANA IVETTE VILLALOBOS | 9 shares |
| CARRISSA DOLORES VILLALOBOS | 3 shares |
| ALFRED JAMES VILLALOBOS | 8 shares |
| EMILIANO FRANCISCO VILLALOBOS | 1 share |
| CHRISTIAN DANIEL VILLALOBOS | 8 shares |

- 3 -

JHAV0046

ALYSSA RAE VILLALOBOS                    1 shares

Each share allocated to a surviving Beneficiary or group composed of the living issue of a deceased Beneficiary shall be held, administered, and distributed as a separate trust as set forth in this ARTICLE. If any of said Beneficiaries shall predecease the Insured leaving no issue, the share allocated to said Beneficiary shall lapse and the shares of the remaining Beneficiaries shall be proportionately augmented.

    **2.4**    **Distributions on Death of Insured.** Upon the death of the Insured, the shares allocated to a surviving Beneficiary shall be held, administered, and distributed in separate trusts as follows:

    **2.4.1**    All of the shares allocated to **ERIC WILLIAM VILLALOBOS** shall be distributed to such Beneficiary free of trust.

    **2.4.2**    Of the shares allocated to **ALFRED JAMES VILLALOBOS**, the Trustee shall immediately distribute to such Beneficiary the sum of $50,000 free of trust and shall further distribute on each anniversary of the death of the Insured an additional $50,000 to such Beneficiary free of trust until $450,000 is distributed in this manner. In addition, the Trustee shall invest $600,000 on behalf of the Beneficiary in VFT, Inc., an existing corporation, in exchange for 50% of the shares therein. In the event the Trustee shall deem the foregoing investment to be infeasible, the Trustee shall invest such amounts in such alternative investments as shall in the Trustee's discretion be similar thereto. After setting aside reasonable reserves for the payment of the foregoing, the Trustee shall invest the remainder of the shares allocated to such Beneficiary in a commercial annuity contract for his benefit that provides for the commencement of payments no sooner than the tenth $(10^{th})$ anniversary of the death of the Insured. On the tenth (10) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the then undistributed balance of the Beneficiary's trust, including the annuity contract and the specific investments made on the Beneficiary's behalf.

    **2.4.3**    Of the shares allocated to **JESSICA KINLEY RAE VILLALOBOS**, the Trustee shall immediately distribute to such Beneficiary the sum of $50,000 free of trust and shall further distribute on each anniversary of the death of the Insured an additional $50,000 to such Beneficiary free of trust until $450,000 is distributed in this manner. After setting aside reasonable reserves for the payment of the foregoing, the Trustee shall

- 4 -

JHAV0047

invest the remainder of such shares in a commercial annuity contract for her benefit that provides for the commencement of payments no sooner than the tenth (10th) anniversary of the death of the Insured. On the tenth (10) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the annuity contract and the then undistributed balance of the Beneficiary's trust.

    **2.4.4**   The Trustee shall invest the shares allocated to **ALYSSA RAE VILLALOBOS** in a commercial annuity contract for her benefit that provides for the commencement of payments no sooner than the twenty-fifth (25th) anniversary of the death of the Insured. On the twenty-fifth (25th) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the annuity contract and the then undistributed balance of the Beneficiary's trust, if any.

    **2.4.5**   Of the shares allocated to **ADRIANA IVETTE VILLALOBOS**, the Trustee shall immediately distribute to such Beneficiary the sum of $50,000, and shall further distribute on each anniversary of the death of the Insured the sum of $50,000 free of trust until a total of $950,000 is distributed in this manner. After setting aside reasonable reserves for the payment of the foregoing the Trustee shall invest the remainder of such shares in a commercial annuity contract for her benefit that provides for the commencement of payments no sooner than the twentieth (20th) anniversary of the death of the Insured. On the twentieth (20th) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the annuity contract and the then undistributed balance of the Beneficiary's trust, if any. Notwithstanding the foregoing, if such Beneficiary loses her sight or incurs any other serious medical condition or illness prior to such distribution, the Trustee in the Trustee's discretion may pay to or apply for the benefit of **ADRIANA IVETTE VILLALOBOS** an additional amount or amounts as the case may be. This can take the form of a single or multiple payments at the sole discretion of the Trustee.

    **2.4.6**   Of the shares allocated to **CARRISSA DOLORES VILLALOBOS**, the Trustee shall immediately distribute to such Beneficiary the sum of $50,000 and shall further distribute on each anniversary of the death of the Insured the sum of $50,000 free of trust for a period of fifteen (15) years.

- 5 -

JHAV0048

    **2.4.7**   The Trustee shall invest the share allocated to **EMILIANO VILLALOBOS** in a commercial annuity contract for his benefit that provides for the commencement of payments no sooner than the twentieth (20th) anniversary of the death of the Insured. On the twentieth (20th) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the annuity contract and the then undistributed balance of the Beneficiary's trust, if any.

    **2.4.8**   Of the shares allocated to **CHRISTIAN VILLALOBOS**, the Trustee shall invest $600,000 on behalf of the Beneficiary in VFT, Inc., an existing corporation, in exchange for 50% of the shares therein. Said shares are to be held in Trust for the benefit of Christian Villalobos until he attains the age of 21 years of age. Daniel E. Apodaca is to be the accountant of record for VFT, Inc. In the event the Trustee shall deem the foregoing investment to be infeasible, the Trustee shall invest such amounts in such alternative investments as shall in the Trustee's discretion be similar thereto. In addition, the Trustee shall invest up to $900,000 in a commercial annuity contract all due and payable on the Beneficiary's 32nd birthday. After setting aside reasonable reserves for the payment of the foregoing, the Trustee shall invest an amount in a commercial annuity contract for his benefit that provides for ten (10) annual payments of $50,000 to the Beneficiary free of trust commencing on the tenth (10th) anniversary of the death of the Insured. On the Beneficiary's 30th birthday, the Trustee shall distribute to such Beneficiary the then undistributed balance of the Beneficiary's trust, including the annuity contracts and the specific investments made on the Beneficiary's behalf.

    **2.5**   **Commercial Annuities.** In selecting a commercial annuity for investment and distribution as provided in this ARTICLE, the Trustee is authorized in the Trustee's discretion to invest all or some lesser portion of the shares allocable to a Beneficiary giving due consideration to the need for further liquidity of the Beneficiary's trust and appropriate reserves for the payment of anticipated trust expenses. The Trustee is directed to consult with **RONEY & COMPANY** of Pasadena, California and other insurance agents in the acquisition of such annuities.

    **2.6**   **Beneficiary Dies Before Full Distribution Leaving No Issue.** If any Beneficiary living at the death of the Insured shall thereafter die leaving no issue before becoming entitled to receive distribution of the entire share allocated to such Beneficiary,

JHAV0049

the undistributed balance of the shares allocated to said Beneficiary shall lapse and the shares of the remaining Beneficiaries shall be proportionately augmented in an equitable manner.

    **2.7**    **Beneficiary Dies Before Full Distribution Leaving Issue.** If any Beneficiary living at the death of the Insured shall thereafter die leaving issue before becoming entitled to receive distribution of the entire share allocated to such Beneficiary, the undistributed balance of the shares allocated to said Beneficiary shall be divided into as many equal shares as there are issue of a deceased Beneficiary then living. Each share so allocated shall be distributed to such person free of trust at the same time and in the same proportions as such shares would have been distributable to the deceased Beneficiary.

**ARTICLE III**

**GENERAL PROVISIONS**

    **3.1**    **Spendthrift Provision.** No Beneficiary of any trust established in this instrument shall have any right, power, or authority to sell, assign, pledge, mortgage, or in any other manner to encumber, alienate, or impair all or any part of such Beneficiary's interest in the trust or in the principal or income of the trust. The beneficial and legal interest in, and the principal and income of, the trust and every part of it shall be free from interference or control of any creditor of any Beneficiary of the trust and shall neither be subject to the claims of any such creditor nor liable to attachment, execution, bankruptcy, or other process of law. The income and principal of any trust established in this instrument shall be paid to the Beneficiary in person, or, if in the event of the minority or incompetency of any Beneficiary, to the guardian of the person of that Beneficiary, or to or for the benefit of that Beneficiary, in such manner as in the Trustee's discretion seems most advisable at the time and in the manner provided by the terms of the trust, and shall not be paid on any written or oral order or assignment of transfer by the Beneficiary or by operation of law.

    **3.2**    **Payment to Minors.** The Trustee, in the Trustee's discretion, may make distributions to a minor or other Beneficiary under disability by making payments to the guardian of the minor's person, or to any suitable person with whom the minor resides. The Trustee, in the Trustee's discretion, may make payments directly to a minor if, in the

- 7 -

JHAV0050

Trustee's judgment, the minor is of sufficient age and maturity to spend the money properly. A minor, for this and other purposes used in this Trust, is anyone under 18 years of age.

      3.3     **Payments to Beneficiary Under Disability.** The Trustee in the Trustee's discretion may make payments to a beneficiary under disability by making payments to the guardian of the person, or the Trustee may apply payments directly for the beneficiary's benefit.

      3.4     **No Physical Division of Trust Property Required.** There need be no physical segregation or division of the various trusts unless the Trustee determines that such physical segregation or division would enhance and facilitate the administration of a trust. Segregation or division may be required by the termination of any of the trusts, and the Trustee shall in all events keep separate accounts for the different undivided interests in the respective trusts.

      3.5     **Apportionment of Death Taxes, if Any.** For the purposes of this section, the term "death taxes" refer to any taxes imposed by reason of the death of the Insured or a Beneficiary by federal, state, or local authorities, including but not limited to estate, inheritance, gift, and direct-skip generation-skipping transfer taxes. The Trustee shall apportion death taxes (if any) among the Beneficiaries as those Beneficiaries are determined for the purpose of the tax. In so doing, the Trustee shall charge the death taxes only against the property generating the tax taking into consideration the applicable provisions of the Internal Revenue Code, and other applicable laws apportioning the death taxes. The values used in determining the tax are to be used for tax apportionment purposes. To the extent practicable, the Trustee shall deduct the amount of the death taxes from the property distributable under this Declaration of Trust and recover from the Beneficiaries of property passing other than under this Declaration of Trust their allocable share of death taxes, unless the Trustee in the Trustee's discretion determines that the cost of recovery is greater than recovery of the cost warrants. If death taxes are not collected from the Beneficiary of property passing other than under this agreement, the Trustee shall apportion the amount not recovered equitably among the other Beneficiaries who are subject to apportionment.

- 8 -

**3.6    Administrative Period.** To permit the orderly use of trust assets to meet obligations arising by reason of the death of the Insured or a Beneficiary and to provide for the collection of any life insurance policy on the Insured and the orderly disposition or distribution of the trust estate, notwithstanding any provision that might require immediate division or distribution, each trust shall be deemed to continue and the Trustee is authorized to hold, administer and manage it during an administrative period that may continue for a reasonable period following such death. No Beneficiary shall be entitled to payment or distribution of his or her share before the end of the administrative period, but the Trustee, in the Trustee's discretion, may make partial or complete distribution of any share at such times and in such amounts as the Trustee deems reasonable. Retention of a Beneficiary's share shall not affect such Beneficiary's right to any income from it.

**3.7    De Minimis Trust.** The Trustee shall terminate any trust created under this instrument when the Trustee, in the Trustee's discretion, deems the continued administration of such trust to be unduly burdensome or expensive. Upon termination, the Trustee shall pay over and distribute outright whatever then constitutes the principal of such trust to the persons and in the proportions determined as though such trust had terminated immediately prior to the time specified in this Section.

**3.8    Other Trust Adjustments.** The Trustee in the Trustee's discretion may allocate the expense of administration of the Trust Estate on any reasonable basis among the trusts created under this instrument, and to set aside reserves for the payment of such anticipated expenses and contingencies as the Trustee shall deem reasonable. In the event that any trust created under this instrument shall have insufficient funds after consideration of such reserves or otherwise to make the distributions mandated herein, the Trustee is authorized to adjust such distributions as may be required.

**3.9 Annual Audit of Trust.** The Trustee shall cause to have a firm of independent certified public accountants perform an annual audit of the Trust as required by the State of Nevada. Copies of the audit shall be provided to the three successor Trustees, **ALFRED JAMES VILLALOBOS, CARRISSA DOLORES VILLALOBOS** and **NORTHERN TRUST BANK.** Another copy will be retained by the Trustee in the event that it is requested by the Attorney General for the State of Nevada.

- 9 -

JHAV0052

## ARTICLE IV
## POWERS CONCERNING LIFE INSURANCE

**4.1    Rights of Trustee in Policies.** The Trustee shall possess and own all the incidents of ownership, rights, powers, interests, privileges, and benefits of every kind that may accrue on account of any of the insurance policies composing part of the trust estate; and the Grantors shall have no interest or right of any kind in or to any of the said insurance policies. The Trustee shall cause the proceeds of any said policy or policies to be made payable to the trust.

**4.2    Payment of Premiums.** The Trustee shall pay any premiums or other charges on account of any of the insurance policies comprising part of the trust estate out of the income or principal of the trust estate. If the income and principal of the trust estate is insufficient to pay such premiums or other charges at any time, the Trustee shall notify the Grantors in writing of such insufficiency. A Grantor or any Beneficiary may make contributions to the trust of the necessary funds for the payment of the premiums or other charges but they shall not be obligated or required to do so.

**4.3    Insufficient Funds.** If, at any time, the trust estate and the contributions of the Grantors and/or the Beneficiaries are insufficient to pay the premiums or other charges on the policies of insurance, the Trustee shall not be required to pay the premiums or other charges, and the Trustee shall not be liable for its failure to do so. However, in the event of such insufficiency, the Trustee may, in the Trustee's absolute discretion, pay the premiums or other charges, or any of them, and the Trustee may obtain the necessary funds therefor by selling at public or private sale, without notice to the Grantors or the Beneficiaries of the trust or any other person, a sufficient portion of the principal of the trust estate; by borrowing on the security of the principal of the trust estate or any part thereof or on any of the insurance policies; or by applying the dividends on any of the policies or by surrendering any of the policies for their cash surrender values.

**4.4    Collection of Insurance Proceeds.** Upon the death of the Insured, the Trustee shall collect the proceeds and the benefits thereof. The Trustee shall furnish the necessary proofs of death to the insurance companies. The Trustee is authorized to take any and all other steps reasonably necessary for the collection of such proceeds and

- 10 -

JHAV0053

benefits, including the institution of proceedings at law or in equity in order to enforce the payment thereof. However, the Trustee shall not, except at the election of the Trustee, institute or maintain any legal action for the collection of such proceeds and benefits unless the Trustee is first indemnified to the Trustee's satisfaction against all liabilities and expenses to which the Trustee, in the Trustee's judgment, may be subjected as a result of such action. The Trustee is further authorized to compromise and settle claims arising out of the insurance policies or any of them on such terms and conditions as the Trustee deems advisable, and the decision of the Trustee shall be binding on all interested parties. The Trustee is authorized to give the insurance companies and each of them all the necessary and proper releases and acquittances in full discharge of all their liabilities under such policies. The proceeds and benefits of such insurance policies so collected by the Trustee shall be added to and become a part of the principal of the trust estate; but the Trustee, except for their negligence, shall not be liable to anyone for the failure to collect all or any part of the proceeds of the policies and the Trustee shall be responsible for the proceeds and benefits of such insurance only when collected by or paid to the Trustee.

4.5    **No Inquiry Necessary.** No insurance company that has issued or shall issue a policy or policies of insurance subject hereto shall have any obligation to inquire into the terms of this instrument or see to the application of the proceeds and benefits of such policy or policies; and a receipt of the Trustee to any such insurance company shall be effective to release the insurance company from any liability as a result of such policy or policies and shall be binding upon every Beneficiary of the trust.

4.6    **Disability of Insured.** With respect to any life insurance policy which may at any time form part of the trust estate or of which the Trustee may at any time be designated as Beneficiary or payee, if an insured party under such policy becomes totally and permanently disabled, within the meaning of such policy, and such policy makes provision for a waiver of premium in the event of such disability, the Trustee, upon receipt of knowledge of such disability, shall promptly notify the insurance company which has issued such policy and shall take any and all steps necessary to make such waiver of premium provision effective. The Trustee need not engage in litigation to enforce such waiver of premium provision without indemnification satisfactory to the Trustee for any resulting expense.

- 11 -

JHAV0054

## ARTICLE V
## ADDITIONAL TRUSTEE'S POWERS

**5.1    General.** To carry out the purposes of the trust created under this instrument and subject to any limitation stated elsewhere in this instrument, the Trustee is vested with powers set forth in this Article with respect to the trust estate and any part of it, in addition to those powers now or hereafter conferred by law.

**5.2    Retain Property and Operate a Business.** The Trustee is authorized to continue to hold any property and to operate at the risk of the trust estate any business or property that the Trustee deems advisable.

**5.3    Sell, Exchange and Repair.** The Trustee is authorized to manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition, divide, improve, and repair trust property.

**5.4    Lease Trust Property.** The Trustee is authorized to lease trust property for terms within or beyond the term of the trust and for any purposes, including exploration for and removal of gas, oil, and other minerals; and to enter into community oil leases, pooling and unitization agreements.

**5.5    Insurance.** The Trustee is authorized to carry, at the expense of the trust, insurance of such kinds and in such amounts, as the Trustee deems advisable to protect the trust estate and the Trustee against any hazard.

**5.6    Commence or Defend Litigation.** The Trustee is authorized to commence or defend such litigation with respect to the trust or any property of the Trust Estate as the Trustee may deem advisable, at the expense of the trust.

**5.7    Compromise Claims.** The Trustee is authorized to compromise or otherwise adjust any claims or litigation against or in favor of the trust.

**5.8    Investments.** The Trustee is authorized to invest and reinvest the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares of investment trusts, investment companies, and mutual funds, and mortgage participations, which persons of prudence, discretion and intelligence acquire for their own account.

JHAV0055

**5.9** **Manage Securities.** With respect to securities held in the trust, the Trustee shall have all the rights, powers, and privileges of any owner, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts, pooling arrangements, foreclosures, reorganizations, consolidations, mergers, liquidations, sales and leases, and incident to such participation to deposit securities with and transfer title to any protective or other committee on such terms as the Trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

**5.10** **Employ Investment or Financial Experts.** The Trustee is authorized to employ, at the expense of the trust, professional, independent and disinterested investment or financial experts for the purpose of advising on the investment and reinvestment of the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, and the Trustee shall not be liable for any neglect, omission or wrongdoing of any such investment or financial expert so employed if reasonable care was exercised by the Trustee in the selection of such person.

**5.11** **Employment of Attorney, Accountant, Broker, Tax Specialist, Custodian or Other Agent.** The Trustee is authorized to employ any attorney, accountant, broker, tax specialist, or custodian, or any other agent (including persons related to the Trustee or firms in which the Trustee may have an interest) deemed necessary in the discretion of the Trustee; and to pay from the trust estate reasonable compensation for all services performed by any of them. The Trustee shall not be liable for any neglect, omission, or wrongdoing of any such attorney, accountant, broker, tax specialist, custodian or other agent employed if reasonable care was exercised by Trustee in their selection.

**5.12** **Determination of Principal and Income.** The determination of all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts shall be governed by the provisions of the Revised Uniform California Principal and Income Act from time to time existing. Any such matter not provided for in the Revised Uniform Principal and Income Act shall be determined by the Trustee in the Trustee's discretion.

- 13 -

JHAV0056

**5.13    Distribution of Trust Property.** The Trustee is authorized to partition, allot, and distribute the trust estate, on any division into shares or on partial or final distribution of the trust estate, in undivided interests or in-kind, or partly in money and partly in kind, at valuations determined by the Trustee. The Trustee may sell such property, as the Trustee may deem necessary to make division or distribution. In making any division into shares or on partial or final distribution of the trust estate, the Trustee shall be under no obligation to make a pro rata division, or to distribute the same assets to Beneficiaries similarly situated; but rather, the Trustee may, in the Trustee's discretion, make a non-pro rata division between trusts or shares and non-pro rata distribution to such Beneficiaries, as long as the respective assets allocated to separate trusts or shares and/or distributed to such Beneficiaries have equivalent of proportionate fair market value.

**5.14    Hold Securities in Name of Trustee or Nominee.** The Trustee shall have the power to hold securities or other property in the Trustee's name as Trustee under this trust, or in the Trustee's own name, or in the name of a nominee, or the Trustee may hold securities unregistered in such condition that ownership shall pass on delivery.

**5.16    Borrow.** The Trustee is authorized to borrow money, and encumber or hypothecate trust property by mortgage, deed of trust, pledge, or otherwise. Without limiting the foregoing, the Trustee is authorized to borrow money from any life insurance company, or affiliate thereof, which has issued a policy held as part of the trust estate, on the security of the policy from any commercial financing organization including any bank acting as Trustee. The Trustee shall pay prevailing rates of interest on all such borrowings.

**5.17    Release of Powers.** The Trustee is authorized to release or to restrict the scope of any power that the Trustee may hold in connection with any trust created under this instrument, whether such power is expressly granted in the instrument or implied by law. The Trustee shall exercise this power in a written instrument executed by the Trustee, specifying the powers to be released or restricted and the nature of the restriction.

**5.18    Abandonment of Property.** The Trustee is authorized to abandon any property or interest in property belonging to any trust created under this instrument when,

- 14 -

JHAV0057

in the Trustee's discretion, such abandonment is in the best interest of the trust and its Beneficiaries.

## ARTICLE VI
### PROVISIONS RELATING TO THE TRUSTEE

**6.1    Resignation of a Trustee.** A trustee or a successor trustee may resign at any time. A successor trustee shall succeed as trustee with like effect as though originally named as such herein. All authorities and powers conferred upon the original Trustee hereunder, and title to all trust assets, shall automatically pass to a successor trustee.

**6.2    Successor Trustee's Liability for Act of Predecessor.** No successor trustee shall be liable for any act, omission, or default of a predecessor trustee.

**6.3    Bond Waived.** No trustee specifically named herein shall be required to give bond.

**6.4    Trustee's Compensation.** A corporate trustee shall receive compensation for its services in the amount and at the percentage specified in its schedule of fees and charges established from time to time by its trust department for the administration of accounts of a character similar to the one in effect when such compensation is payable. Any non-corporate individual Trustee may receive reasonable compensation for his or her services as Trustee.

**6.5    Accountings by Trustee.** The Trustee shall render an accounting to each Beneficiary entitled to receive current discretionary distributions from income or principal. If any Beneficiary entitled to receive an account is a minor or otherwise under any legal disability, then such accounting shall be delivered to his or her parent(s) or the guardian(s) of his or her estate. Any Beneficiary entitled to receive an accounting shall have thirty days to object thereto in a signed writing that is delivered to the Trustee. If any objection is received, such objection shall be resolved by agreement between the Trustee and the objecting party or by a means of dispute resolution set forth in Section 6.9. Upon agreement or the expiration of the thirty day period, no party objecting, the accounting shall be final and conclusive as to all matters disclosed therein with respect to all Beneficiaries, including, but not limited to, unborn and unascertained Beneficiaries, and the Trustee shall not be liable to any Beneficiary as to such matters except for his intentional wrongdoing or fraud.

6.6    **Notice to Trustee of Births, Deaths and Other Events.** Until the Trustee shall receive written notice of any birth, death, or other event upon which the right to payments from this trust may depend, the Trustee shall incur no liability to persons who may have been affected by that event for disbursements made in good faith.

6.7    **Disclosing Trust.** Whenever in the judgment of the Trustee it shall be necessary or proper in the administration of this trust, the Trustee may disclose the existence, nature, terms and conditions of this trust and the trust instrument.

6.8    **Title to Trust Property.** Legal title to all property held in trust hereunder shall be and remain vested in the Trustee and successor trustees, as shall from time to time be acting hereunder, without any act of conveyance or transfer to, by, or from any succeeding or retiring Trustee.

6.9    **No Court Proceedings.** It is the intention of the Grantors by this Declaration of Trust to avoid to the maximum extent possible the jurisdiction of the state probate court. The Trustee shall to the maximum extent permitted by law administer this trust free of judicial intervention, and without order, approval or action of any court. If the Trustee or another interested party institutes a legal proceeding, the Trustee shall seek to limit the jurisdiction of the court only to the extent jurisdiction is sought in that particular proceeding. The Grantors request that any questions or disputes that arise during the administration of this trust be resolved by mediation and if necessary, arbitration in accordance with the Uniform Arbitration Act.

6.10    **Exoneration of a Trustee.** The Trustee may request and obtain agreements in writing from the Beneficiaries or from their legal representatives releasing and indemnifying the Trustee from any liability that may have arisen from the Trustee's acts, omissions, or forbearances. Any agreement, if acquired from the living Beneficiaries of the trust or from their legal representatives, shall be conclusive and binding on all parties, born or unborn, who may have, or who may in the future, acquire an interest in the trust.

6.11    **Limitation on Trustee Liability.** To the fullest extent permitted by applicable law, the Trustee shall not be liable to a Grantor, Beneficiary, the Insured or any other person for any loss, damage or claim incurred by reason of any act or omission performed or omitted by such Trustee in good faith on behalf of the trust and in a manner

- 16 -

JHAV0059

reasonably believed to be within the scope of the authority conferred on such Trustee by this Declaration of Trust, except that the Trustee shall be liable for any such loss, damage or claim incurred by reason of such Trustee's gross negligence or willful misconduct.

6.12    **Indemnification of Trustee.** To the fullest extent permitted by applicable law, a Trustee or predecessor Trustee shall be entitled to indemnification from the trust estate for any loss, damage or claim incurred by such Trustee by reason of any act or omission performed or omitted by such Trustee in good faith on behalf of the trust and in a manner reasonably believed to be within the scope of the authority conferred on such Trustee by this Declaration of Trust, except that no Trustee shall be entitled to be indemnified in respect of any loss, damage or claim incurred by such Trustee by reason of such Trustee's gross negligence or willful misconduct with respect to such acts or omissions.

6.13    **Advance of Trustee Expenses.** To the fullest extent permitted by applicable law, expenses (including reasonable legal fees) incurred by a Trustee or predecessor trustee defending any claim, demand, action, suit or proceeding shall, from time to time, be advanced by the Trustee prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the trust of an undertaking by or on behalf of the Trustee or predecessor trustee to repay such amount if it shall be determined that the Trustee or predecessor trustee is not entitled to be indemnified as authorized in this Article.

6.14    **Reliance by Trustee.** A Trustee shall be fully protected in relying in good faith upon the records of the trust and upon such information, opinions, reports or statements presented to the Trustee by any person as to matters the Trustee reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the trust, including information, opinions, reports or statements as to the value and amount of the assets and liabilities of the trust.

- 17 -

JHAV0060

## ARTICLE VIII
### MISCELLANEOUS PROVISIONS

8.1     **Nevada Law Application.** The validity of this trust and the construction of its beneficial provisions shall be governed by the laws of the State of Nevada in force from time to time.

8.2     **Gender and Number.** As used in this instrument, the masculine, feminine or neuter general and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

8.3     **Titles and Captions.** All paragraph titles or captions contained in this instrument are for convenience only and shall not be deemed a part of this trust instrument.

We certify that we have read the foregoing Declaration of Trust and that it correctly states the terms and conditions under which the trust estate is to be held, managed, and disposed of by the Trustee. We approve the Declaration of Trust in all particulars and request that the Trustee execute it.

Executed at Reno, Nevada, on this 2nd day of July, 2012.


GRANTORS:

JESSICA KINLEY RAE VILLALOBOS

CARRISSA DOLORES VILLALOBOS


TRUSTEE:

DANIEL E. APODACA


-18-

# Exhibit "Q"

# Exhibit "Q"

JHAV0046

ALYSSA RAE VILLALOBOS                    1 shares

Each share allocated to a surviving Beneficiary or group composed of the living issue of a deceased Beneficiary shall be held, administered, and distributed as a separate trust as set forth in this ARTICLE. If any of said Beneficiaries shall predecease the Insured leaving no issue, the share allocated to said Beneficiary shall lapse and the shares of the remaining Beneficiaries shall be proportionately augmented.

2.4    **Distributions on Death of Insured.** Upon the death of the Insured, the shares allocated to a surviving Beneficiary shall be held, administered, and distributed in separate trusts as follows:

2.4.1    All of the shares allocated to **ERIC WILLIAM VILLALOBOS** shall be distributed to such Beneficiary free of trust.

2.4.2    Of the shares allocated to **ALFRED JAMES VILLALOBOS**, the Trustee shall immediately distribute to such Beneficiary the sum of $50,000 free of trust and shall further distribute on each anniversary of the death of the Insured an additional $50,000 to such Beneficiary free of trust until $450,000 is distributed in this manner. In addition, the Trustee shall invest $600,000 on behalf of the Beneficiary in VFT, Inc., an existing corporation, in exchange for 50% of the shares therein. In the event the Trustee shall deem the foregoing investment to be infeasible, the Trustee shall invest such amounts in such alternative investments as shall in the Trustee's discretion be similar thereto. After setting aside reasonable reserves for the payment of the foregoing, the Trustee shall invest the remainder of the shares allocated to such Beneficiary in a commercial annuity contract for his benefit that provides for the commencement of payments no sooner than the tenth $(10^{th})$ anniversary of the death of the Insured. On the tenth (10) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the then undistributed balance of the Beneficiary's trust, including the annuity contract and the specific investments made on the Beneficiary's behalf.

2.4.3    Of the shares allocated to **JESSICA KINLEY RAE VILLALOBOS**, the Trustee shall immediately distribute to such Beneficiary the sum of $50,000 free of trust and shall further distribute on each anniversary of the death of the Insured an additional $50,000 to such Beneficiary free of trust until $450,000 is distributed in this manner. After setting aside reasonable reserves for the payment of the foregoing, the Trustee shall

- 4 -

EXHIBIT "Q"

# Exhibit "R"

# Exhibit "R"

2.4.7    The Trustee shall invest the share allocated to **EMILIANO VILLALOBOS** in a commercial annuity contract for his benefit that provides for the commencement of payments no sooner than the twentieth (20th) anniversary of the death of the Insured. On the twentieth (20th) anniversary of the death of the Insured, the Trustee shall distribute to such Beneficiary the annuity contract and the then undistributed balance of the Beneficiary's trust, if any.

2.4.8    Of the shares allocated to **CHRISTIAN VILLALOBOS**, the Trustee shall invest $600,000 on behalf of the Beneficiary in VFT, Inc., an existing corporation, in exchange for 50% of the shares therein. Said shares are to be held in Trust for the benefit of Christian Villalobos until he attains the age of 21 years of age. Daniel E. Apodaca is to be the accountant of record for VFT, Inc. In the event the Trustee shall deem the foregoing investment to be infeasible, the Trustee shall invest such amounts in such alternative investments as shall in the Trustee's discretion be similar thereto. In addition, the Trustee shall invest up to $900,000 in a commercial annuity contract all due and payable on the Beneficiary's 32nd birthday. After setting aside reasonable reserves for the payment of the foregoing, the Trustee shall invest an amount in a commercial annuity contract for his benefit that provides for ten (10) annual payments of $50,000 to the Beneficiary free of trust commencing on the tenth (10th) anniversary of the death of the Insured. On the Beneficiary's 30th birthday, the Trustee shall distribute to such Beneficiary the then undistributed balance of the Beneficiary's trust, including the annuity contracts and the specific investments made on the Beneficiary's behalf.

2.5    **Commercial Annuities.** In selecting a commercial annuity for investment and distribution as provided in this ARTICLE, the Trustee is authorized in the Trustee's discretion to invest all or some lesser portion of the shares allocable to a Beneficiary giving due consideration to the need for further liquidity of the Beneficiary's trust and appropriate reserves for the payment of anticipated trust expenses. The Trustee is directed to consult with **RONEY & COMPANY** of Pasadena, California and other insurance agents in the acquisition of such annuities.

2.6    **Beneficiary Dies Before Full Distribution Leaving No Issue.** If any Beneficiary living at the death of the Insured shall thereafter die leaving no issue before becoming entitled to receive distribution of the entire share allocated to such Beneficiary,

- 6 -

EXHIBIT "R"

Exhibit "S"

Exhibit "S"

JHAV0038

## John Hancock.
LIFE INSURANCE

**Change of Ownership (Absolute Assignment)**

# RMIS-33

JUL -5 2012

*Mail your request to:*
**For Individual Life Products,**
Customer Service Center R-02
John Hancock
1 John Hancock Way Suite 1350
Boston MA 02217-1099

**For Majestic Series Products,**
Specialty Products & Distribution C-6
John Hancock
PO Box 192
Boston MA 02117-0192

---

### Section A - Current Policy Information

1. a) Name of Owner(s)    Carrissa Dolores Villalobos
   Jessica Kinley-Rae Villalobos

   b) Policy Number    81556854

   c) Life Insured(s)    Alfred J.R. Villalobos

   d) Address    PO BOX 1460 Zepher Cove, NV 89448

   e) Daytime Phone No. 818-416-6214

---

### Section B - Change of Ownership (Absolute Assignment)

For ☐ Value received; or ☐ as a Gift for Love and Affection,

the undersigned hereby transfers and assigns absolutely, all rights, title and interest in the above policy(ies) to the Assignee(s) indicated below and **HEREBY REVOKES ANY BENEFICIARY DESIGNATION** or direction of payment previously made in respect to the proceeds payable on the death of the Life Insured under the above policy(ies) and directs that such proceeds be paid to the Assignee(s) and, if more than one, in the same proportion as their ownership rights bear to one another. The Assignor(s) WARRANT the validity of this assignment.

Name of New Owner (Assignee)    Relationship to Life Insured    Trustee

Villalobos Life Insurance Trust dated 06/25/2012 Daniel Apodaca Trustee

Mailing and Billing Address of New Owner (Assignee) - Street, City, State, Zip Code
If no address is indicated, the Mailing and Billing Address will remain the same.

301 E. Colorado Blvd, Suite 800, Pasadena, CA 91101

---

### Section C - Signature(s) of Current Owner - Person/entity making this transfer

Signed at City/State    RENO, NV

Date    7/2/12

Signature of Witness    Bessna Plaza

Signature of Owner (if corporation, officer(s) Name/Title must be indicated)
X *Carissa Dolores Villalobos*

Signature of Witness    Bessna Plaza

Signature of Owner (if corporation, officer(s) Name/Title must be indicated)
X

---

PS5115US (01/2010)    Page 1 of 2
Insurance products are issued by: John Hancock Life Insurance Company (U.S.A.) (not licensed in New York), Boston, MA 02116; John Hancock Life Insurance Company of New York, Valhalla, NY 10595 and John Hancock Life & Health Insurance Company, herein collectively referred to as John Hancock.

EXHIBIT "S"

JHAV0039

**Section D - Request for Taxpayer Identification Number and Certification - MUST be completed by the NEW Owner**

In order to comply with IRS regulations regarding Tax Identification Numbers and Backup Withholding, individuals and sole proprietors MUST give their Social Security Number. Other entities MUST give their Employer Identification Number.

If you have no number or you have applied for a number and are waiting for one to be issued, write "APPLIED FOR" in the boxes. You then have 60 days to supply your TIN number to us. After 60 days The Company must begin Backup Withholding.

**Social Security Number**

**Tax ID Number**

**CERTIFICATION - UNDER PENALTIES OF PERJURY, I CERTIFY THAT:**

☒ The number shown on this form is my correct Taxpayer Identification Number (or I am waiting for a number to be issued to me).

☐ For Minnesota residents only. I have received a copy of IRS Form W9.

☐ Check box ONLY if you are not a United States citizen (complete IRS Form W-8BEN).

☐ I am no longer subject to Backup Tax Withholding.

☐ I am subject to Backup Tax Withholding.

☐ I am exempt from Backup Tax Withholding.

Signed at City/State

Pasadena, CA

Signature of NEW Owner/Taxpayer (if corporation /officer(s) Name/Title must be indicated)

X

Date

7/2/2012

Insurance products are issued by: John Hancock Life Insurance Company (U.S.A.) (not licensed in New York), Boston, MA 02116; John Hancock Life Insurance Company of New York, Valhalla, NY 10595 and John Hancock Life & Health Insurance Company, herein collectively referred to as John Hancock.

# Exhibit "T"

# Exhibit "T"

JHAV0040

*John Hancock.*
LIFE INSURANCE

### Change of Beneficiary - Life

*Mail your request to:*
*For Individual Life Products,*
*Customer Service Center R-02*
*John Hancock*
*1 John Hancock Way Suite 1350*
*Boston MA 02217-1099*

---

**Section A - Current Policy Information**

1. a) Name of Owner(s)

   Villalobos Life Insurance Trust dated 06/25/2012 Daniel Apodaca Trustee

   b) Policy Number    81556854

   c) Life Insured(s)    Alfred J.R. Villalobos

   d) Address - ☐ Check this box to change the mailing and billing address of record

   301 E. Colorado Blvd. Suite #800 Pasadena, CA 91101

   e) Email Address [redacted]    f) Daytime Phone No.    (626) 449-6262

---

**Section B - Beneficiary Designation**

Subject to the terms of the policy(ies) and any Assignee on record with John Hancock, the undersigned hereby revokes any beneficiary designation or direction of payment previously made in respect to the proceeds payable on the death of the Life Insured under the above policy(ies) and directs that such proceeds be paid to:

**Primary Beneficiary(ies)**

| Name | Relationship to Life Insured | Address | Taxpayer Number | Share (%) |
|---|---|---|---|---|
| Dan Apodaca Trustee or any successor Trustee of Villalobos Life Insurance Trust dated June 25, 2012 | Trust | 301 E. Colorado Blvd. Suite #800 Pasadena, CA 91101 | [redacted] | 100% |

**Secondary Beneficiary(ies)**

| Name | Relationship to Life Insured | Address | Taxpayer Number | Share (%) |
|---|---|---|---|---|
| | | | | |

---

**Section C - Signature of Owner(s)**

Important: See also provisions on the reverse of this form which are hereby made a part of this beneficiary designation.

Signed at City/State    RENO NEVADA

Date    _____ 2012

Signature of Witness

Signature of Owner (if corporation, officer(s) Name/Title must be indicated)
Dan Apodaca - Trustee

Signature of Witness    X

Signature of Owner (if corporation, officer(s) Name/Title must be indicated)

X

X

PS5114US (07/2011)    Page 1 of 2

Insurance products are issued by: John Hancock Life Insurance Company (U.S.A.) (not licensed in New York), Boston, MA 02116; John Hancock Life Insurance Company of New York, Valhalla, NY 10595 and John Hancock Life & Health Insurance Company, herein collectively referred to as John Hancock.

Exhibit "U"

Exhibit "U"

# STATE OF NEVADA
## CERTIFICATION OF VITAL RECORD

# WASHOE COUNTY HEALTH DISTRICT
VITAL STATISTICS – RENO, NEVADA

## CERTIFICATE OF DEATH

STATE FILE NUMBER: 2015000668

**DECEDENT**

| 1a. DECEASED-NAME (FIRST, MIDDLE, LAST, SUFFIX) | 2. DATE OF DEATH (Mo/Day/Year) | 3a. COUNTY OF DEATH |
|---|---|---|
| Alfred  James Robles  VILLALOBOS | January 13, 2015 | Washoe |

| 3b. CITY, TOWN, OR LOCATION OF DEATH | 3c. HOSPITAL OR OTHER INSTITUTION-Name(If not either, give street address) If Hosp. or Inst. indicate DOA,OP/Emer. Rm. Inpatient(Specify) | 4. SEX |
|---|---|---|
| Reno | 9425 Double R Blvd | Shooting Range | Male |

| 5. RACE (Specify) | 6. Hispanic Origin? Specify | 7a. AGE-Last birthday (Years) | 7b. UNDER 1 YEAR MOS  DAYS | 7c. UNDER 1 DAY HOURS  MINS | 8. DATE OF BIRTH (Mo/Day/Yr) |
|---|---|---|---|---|---|
| White | Yes - Mexican | 71 | | | November 27, 1943 |

| 9a. STATE OF BIRTH (If not U.S.A.) | 9b. CITIZEN OF WHAT COUNTRY | 10.EDUCATION | 11. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) | 12. SURVIVING SPOUSE (Maiden name) |
|---|---|---|---|---|
| California | United States | 16 | Divorced | |

| 13. SOCIAL SECURITY NUMBER | 14a. USUAL OCCUPATION (Give Kind of Work Done During Most of | 14b. KIND OF BUSINESS OR INDUSTRY | Ever in US Armed |
|---|---|---|---|
| ____-7649 | Ceo | Investment Banking | Forces? No |

| 15a. RESIDENCE - STATE | 15b. COUNTY | 15c. CITY, TOWN OR LOCATION | 15d. STREET AND NUMBER | 15e. INSIDE CITY LIMITS (Specify Yes or No) |
|---|---|---|---|---|
| Nevada | Douglas | Zephyr Cove | 1000 Holly Lane | No |

**PARENTS**

| 16. FATHER/PARENT - NAME (First  Middle  Last  Suffix) | 17. MOTHER/PARENT - NAME (First  Middle  Last  Suffix) |
|---|---|
| Ignacio Hernandez VILLALOBOS | Dolores ROBLES |

| 18a. INFORMANT- NAME (Type or Print) | 18b. MAILING ADDRESS (Street or R.F.D. No, City or Town, State; Zip) |
|---|---|
| AJ VILLALOBOS | 901 James Ave South Lake Tahoe, California 96150 |

**DISPOSITION**

| 19a. BURIAL, CREMATION, REMOVAL, OTHER (Specify) | 19b. CEMETERY OR CREMATORY - Name | 19c. LOCATION   City or Town   State |
|---|---|---|
| Cremation | Masonic Memorial Gardens | Reno Nevada 89503 |

| 20a. FUNERAL DIRECTOR - SIGNATURE (Or Person Acting as Such) | 20b. FUNERAL DIRECTOR LICENSE NUMBER | 20c. NAME AND ADDRESS OF FACILITY |
|---|---|---|
| KENNETH BOWMAN  SIGNATURE AUTHENTICATED | 806 | Final Wishes  437 Stoker Avenue  Reno  NV  89503 |

**TRADE CALL**

TRADE CALL - NAME AND ADDRESS

**CERTIFIER**

| To Be Completed by CERTIFYING PHYSICIAN | 21a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) | To Be Completed by CORONER/ME | 22a. On the basis of examination and/or investigation, in my opinion, death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) |
|---|---|---|---|
| | | | ELLEN G.I. CLARK M.D.  SIGNATURE AUTHENTICATED |
| | 21b. DATE SIGNED (Mo/Day/Yr) | 21c. HOUR OF DEATH | 22b. DATE SIGNED (Mo/Day/Yr) January 20, 2015 | 22c. HOUR OF DEATH 15:31 |
| | 21d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) | | 22d. PRONOUNCED DEAD (Mo/Day/Yr) January 13, 2015 | 22e. PRONOUNCED DEAD AT (Hour) 15:31 |

| 23a. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, ATTENDING PHYSICIAN, MEDICAL EXAMINER, OR CORONER) (Type or Print) | 23b. LICENSE NUMBER |
|---|---|
| Ellen G.I. Clark M.D., P.O. Box 11130 Reno, NV 89520 | 5850 |

**REGISTRAR**

| 24a. REGISTRAR (Signature) | 24b. DATE RECEIVED BY REGISTRAR (Mo/Day/Yr) | 24c. DEATH DUE TO COMMUNICABLE DISEASE |
|---|---|---|
| BRIDGES SANDI  SIGNATURE AUTHENTICATED | January 21, 2015 | YES ☐   NO ☒ |

**CAUSE OF DEATH**

| 25. IMMEDIATE CAUSE   (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c).) | Interval between onset and death |
|---|---|
| PART I  (a) Gunshot Wound Of Head | |
| DUE TO, OR AS A CONSEQUENCE OF:   (b) | Interval between onset and death |
| DUE TO, OR AS A CONSEQUENCE OF:   (c) | Interval between onset and death |
| DUE TO, OR AS A CONSEQUENCE OF:   (d) | Interval between onset and death |

**CONDITIONS IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE STATING THE UNDERLYING CAUSE LAST**

| PART II  OTHER SIGNIFICANT CONDITIONS-Conditions contributing to death but not resulting in the underlying cause given in Part 1. | 26. AUTOPSY (Specify Yes or No) No | 27. WAS CASE REFERRED TO CORONER (Specify Yes or No) Yes |
|---|---|---|

| 28a. ACC, SUICIDE, HOM., UNDET. OR PENDING INVEST. (Specify) | 28b. DATE OF INJURY (Mo/Day/Yr) | 28c. HOUR OF INJURY | 28d. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|
| Suicide | January 13, 2015 | 1520 | Shot Self With Handgun |

| 28e. INJURY AT WORK (Specify Yes or No)  No | 28f. PLACE OF INJURY- At home, farm, street, factory, office building, etc. (Specify)  Indoor Shooting Range | 28g. LOCATION   STREET OR R.F.D. No.  9425 Double R Blvd., Suite C | CITY OR TOWN  Reno | STATE  Nevada |
|---|---|---|---|---|

**STATE REGISTRAR**

VRS-Rev-20120523a

000175554

## CERTIFIED COPY OF VITAL RECORDS

This is a true and exact reproduction of the document officially registered and placed on file in the office of the State Registrar and Vital Records.

DATE ISSUED: 1/28/2015     DEPUTY REGISTRAR     SIGNATURE AUTHENTICATED

This copy not valid unless prepared on engraved border displaying date, seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# Exhibit "V"

# Exhibit "V"

LAW OFFICES OF

ALAN R. SMITH, ESQ.

# ALAN R. SMITH
505 RIDGE STREET
RENO, NEVADA 89501

AREA CODE (775)
786-4579
FAX NO. 786-3066
EMAIL: mail@asmithlaw.com

January 16, 2015

*Via Facsimile (617) 572-1571*
John Hancock Trust Service Center R-02
1 John Hancock Way, Suite 1350
Boston, MA 02217

  Re: **Alfred J.R. Villalobos/Arvco Capital Research, LLC**

To Whom It May Concern:

  My name is Holly E. Estes, Esq., of the Law Offices of Alan R. Smith, 505 Ridge Street, Reno, Nevada, 89501, (775) 786-4579, estes@asmithlaw.com. We are the Court appointed attorneys for the Chapter 7 Trustee, Christina Lovato, in the Chapter 7 bankruptcy cases filed in the United States Bankruptcy Court, District of Nevada, In Re Alfred J.R. Villalobos, Case No. BK-N-10-52248-GWZ, In Re Arvco Capital Research, LLC, Case No. BK-N-10-52249-GWZ, In Re Arvco Financial Ventures, LLC, Case No. BK-N-10-52251-GWZ, and In Re Arvco Art, Inc., Case No. BK-N-10-52252. I have attached hereto the Order Approving Ex Parte Application To Employ Law Offices Of Alan R. Smith As Counsel For The Chapter 7 Trustee for your reference.

  I am writing to request a copy of any and all life insurance policies issued to either Alfred J.R. Villalobos or Arvco Capital Research, LLC, including policy no. 81556854. I also request a full payment history on all policies, which includes when paid, how paid (copy of check or money order) and who paid to.

  Thank you for your attention to this matter and please do not hesitate to contact me should you have questions.

    Sincerely,

    Holly E. Estes, Esq.

HEE/dlg
Enc.
cc: Christina Lovato, Trustee

EXHIBIT " V "

Case 10-52248-gwz    Doc 2221    Entered 01/15/15 15:51:37    Page 1 of 2

1

2

3                                    _Gregg W. Zive_
                                Honorable Gregg W. Zive
4                              United States Bankruptcy Judge
Entered on Docket
January 15, 2015

6    ALAN R. SMITH, ESQ.
     Nevada Bar No. 1449
7    HOLLY E. ESTES, ESQ.
     Nevada Bar No. 11797                        ***ELECTRONICALLY LODGED***
8    Law Offices of Alan R. Smith                    ***January 15, 2015***
     505 Ridge Street
9    Reno, Nevada 89501
     Telephone (775) 786-4579
10   Facsimile (775) 786-3066
     **E-mail: mail@asmithlaw.com**
11
     Proposed Counsel for Chapter 7 Trustee
12

13

14                    UNITED STATES BANKRUPTCY COURT

15                            DISTRICT OF NEVADA

16                              —ooOoo—

17   In Re:                              Case No. BK-N-10-52248-GWZ
                                         Chapter 7
18   ALFRED J.R. VILLALOBOS,             Substantively Consolidated with:

19   ☐ Affects this Debtor              10-52249 Arvco Capital Research, LLC
     ■ Affects all Debtors             10-52251 Arvco Financial Ventures, LLC
20   ☐ Affects Arvco Capital Research, LLC   10-52252 Arvco Art, Inc.
     ☐ Affects Arvco Financial Ventures, LLC
21   ☐ Affects Arvco Art, LLC           **ORDER APPROVING _EX PARTE_**
                                         **APPLICATION TO EMPLOY LAW**
22                                       **OFFICES OF ALAN R. SMITH AS**
                                         **COUNSEL FOR THE CHAPTER 7**
23               Debtor.                 **TRUSTEE**

24                                       Hearing Date: N/A
                                         Hearing Time: N/A
25   _____/

26         There having been filed on January 15, 2015, an _Ex Parte_ Application To Employ

27   Law Offices Of Alan R. Smith As Counsel For The Chapter 7 Trustee and good cause

28   appearing therefor,

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579      H:\Villalobos\Employ\Ord App Empl ARS Cnsl Ch 7 Ttee (Rev) 011515-dlg.wpd

1    IT IS HEREBY ORDERED that the employment of the Law Offices of Alan R.

2  Smith, as counsel for the Chapter 7 Trustee, CHRISTINA W. LOVATO, in these bankruptcy

3  proceedings, shall be, and the same hereby is, authorized and approved effective as of the

4  date herein, and

5    IT IS HEREBY FURTHER ORDERED that the Law Offices of Alan R. Smith shall

6  be compensated at reasonable rates as approved by the Court upon future application.

7  APPROVED/

8  _____

9  William B. Cossitt, Esq., #3484
   Trial Attorney for United States Trustee
   Tracy Hope Davis

10

11  PREPARED AND SUBMITTED BY:
    LAW OFFICES OF ALAN R. SMITH

12
    By:    /s/ Holly E. Estes
13     HOLLY E. ESTES, ESQ.
       Proposed Attorney for Chapter 7 Trustee
14

15
    IT IS SO ORDERED
16

17
                                    # # #
18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Villalobos\Employ\Ord App Empl ARS Chal Ch 7 Ttee (Rev) 011515-dtp.wpd    2

Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579
(775) 786-3066 (fax)

# FAX COVER SHEET

**TRANSMITTED TO:**

TO:        John Hancock Trust Service Center R-02
           FAX #: (617) 572-1571

FROM:      Debra L. Goss, Paralegal to:
           Holly E. Estes, Esq.

CLIENT/
MATTER:    Villalobos/1470-01

DATE:      January 16, 2015

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Correspondence w/enclosure | 3+ cover page = 4 |

MESSAGE:   Please see the attached correspondence.  Thank you.

The information contained in this facsimile message is information protected by attorney-client and/or the attorney work product privilege.  It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile.  If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying o f the communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (775) 786-4579.

P. 1

✻ ✻ ✻ Communication Result Report ( Jan. 16. 2015 11:47AM ) ✻ ✻ ✻

1)
2)

Date/Time: Jan. 16. 2015 11:46AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3405 Memory TX | 16175721571 | P. 4 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579
(775) 786-3066 (fax)

## FAX COVER SHEET

**TRANSMITTED TO:**

TO:        John Hancock Trust Service Center R-02
           FAX #: (617) 572-1571

FROM:      Debra L. Goss, Paralegal to:
           Holly E. Estes, Esq.

CLIENT/
MATTER:    Villalobos/1470-01

DATE:      January 16, 2015

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Correspondence w/enclosure | 3+ cover page = 4 |

MESSAGE:  Please see the attached correspondence. Thank you.

The information contained in this facsimile message is privileged and confidential information and/or the attorney work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (775) 786-4579.

# Exhibit "W"

# Exhibit "W"

JHAV0169



January 21, 2015


DANIEL APODACA, TRUSTEE
301 E COLORADO BLVD. STE. 800
PASADENA CA 91101


Dear Daniel Apodaca :

**RE:        Policy No. 81 556 854   Insured(s): Alfred J. R. Villalobos**
             **John Hancock Life Insurance Company (U.S.A.)**

In response to your request, enclosed is the History Premium details.

Please be advised that we were unable to forward this information directly to "Holly E. Estes, Ezq."If you wish to process this request any further, please submit supporting documents, signed authorization and return it to our office for further processing.

| TRANSACTION DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| May 26, 2008 | Premium Payment | $46,450.00 |
| May 26, 2009 | Premium Payment | $46,450.00 |
| June 28, 2010 | Premium Payment | $12,309.25 |
| September 27, 2010 | Premium Payment | $12,310.20 |
| December 6, 2010 | Premium Payment | $12,310.20 |
| January 31, 2011 | Premium Payment | $12,310.20 |
| February 26, 2011 | Premium Payment | $12,310.20 |
| June 9, 2011 | Premium Payment | $12,310.20 |
| August 26, 2011 | Premium Payment | $12,310.20 |
| November 28, 2011 | Premium Payment | $12,310.20 |
| March 8, 2012 | Premium Payment | $12,310.20 |
| August 26, 2012 | Premium Payment | $12,310.20 |
| November 26, 2012 | Premium Payment | $12,310.20 |
| February 27, 2013 | Premium Payment | $12,310.20 |
| May 26, 2013 | Premium Payment | $12,310.20 |
| August 27, 2013 | Premium Payment | $12,310.20 |
| November 26, 2013 | Premium Payment | $12,310.20 |
| February 26, 2014 | Premium Payment | $12,310.20 |
| May 30, 2014 | Premium Payment | $12,310.20 |
| August 26, 2014 | Premium Payment | $12,310.20 |
| December 15, 2014 | Premium Payment | $8,206.80 |

Customer Service Center R-03
1 John Hancock Way Suite 1350, Boston, MA 02217-1099
Toll Free: (800) 387-2747   Fax: (617) 572-1571                                                www.jhlifeinsurance.com

EXHIBIT " W "

JHAV0170



If you require additional information, please contact our Customer Service Center at 1-800-387-2747. Thank you for selecting John Hancock for your financial needs.

Sincerely,

Policy Disbursement Team
Customer Service Center
encl.
PS8039US